478 S.E.2d 682

**Ruth Ann THAMES, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

No. 24535.

Supreme Court of South Carolina.

Submitted May 15, 1996.

Decided Dec. 2, 1996.

Assistant Appellate Defender Robert M. Dudek, of S.C. Office of Appellate Defense, Columbia, for petitioner.

Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Teresa Nesbitt Cosby, and Assistant Attorney General Allen Bullard, Columbia, for respondent.

PER CURIAM:

This matter is pending before the Court on a petition for a writ of certiorari seeking review of an order denying petitioner's application for post-conviction relief. We deny the petition as to Question 2, grant the petition as to Question 1, dispense with further briefing, and affirm the order of the post-conviction relief judge.

Petitioner filed a motion seeking authorization for the payment of expert witness fees in connection with her post-

conviction relief action. She asserts that the post-conviction relief judge erred in denying her motion. We disagree.

Petitioner had been examined by two psychiatrists prior to her guilty plea, one of whom was retained by trial counsel. Both had opined that she was competent both at the time the crime was committed and at the time of her plea. At the post-conviction relief hearing, counsel for petitioner stated that petitioner sought to be examined by a third psychiatrist to support her claim of mental incompetency at the time of her guilty plea. Petitioner contended that the two psychiatrists who examined her prior to her plea had not spent sufficient time with her to adequately evaluate her mental state. The post-conviction relief judge ruled that since petitioner had been examined by two experts at the time of her guilty plea there was no need to have a third examination.[1]

In our opinion, the post-conviction relief judge did not abuse his discretion in denying petitioner's motion. *Cf. State v. Matthews*, 291 S.C. 339, 353 S.E.2d 444 (1986). Petitioner had been examined by two experts prior to trial and the mere possibility that petitioner could find an expert somewhere to support her claim of incompetency at the time of her plea is insufficient to warrant the authorization of funds to pay an expert. *See Primeaux v. Leapley*, 502 N.W.2d 265 (S.D.1993) (in habeas proceeding, no error in failing to appoint expert who would testify that pretrial psychiatric examination was inadequate).

---

1. When a defendant requests expert services for a criminal trial, the request is determined by the judge in *ex parte* proceedings. S.C.Code Ann. § 16–3–26(C) and § 17–3–50(B) (Supp.1995); *Ex parte Lexington County*, 314 S.C. 220, 442 S.E.2d 589 (1994). These statutory provisions are, however, inapplicable to post-conviction relief proceedings.

Section 16–3–26(C), which is limited to capital cases, applies to "the representation of the defendant whether in connection with issues relating to guilt or sentence." Therefore, this provision applies only to the capital trial itself and not to post-conviction relief proceedings. While § 17–3–50(A) mentions that the same hourly rates for appointed counsel shall apply to post-conviction proceedings, the use of the word "defendant" throughout § 17–3–50(B) indicates that it applies only to the criminal trial itself and not to post-conviction relief actions. Accordingly, the post-conviction relief judge in this case properly conducted a hearing on the motion at which counsel for the State was allowed to fully participate.

Accordingly, the order of the post-conviction relief judge is affirmed.

AFFIRMED.